UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L. NASH,

        Plaintiff,

  v.

CLARK COUNTY SHERIFF'S
DEPARTMENT, et al.,

        Defendants.

CASE NO. C10-5070BHS

ORDER DENYING
PLAINTIFF'S MOTION FOR
RELIEF FROM JUDGMENT

This matter comes before the Court on Plaintiff Keith L. Nash's ("Nash") "Motion for Re-opening Civil Rights Complaint."[1] Dkt. 37. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

On July 28, 2010, the Court granted Nash additional time to amend his complaint and properly serve the Defendants. Dkt. 20. On August 9, 2010, Nash moved the Court for a second enlargement of time to effect proper service. Dkt. 23. On September 13, 2010, the Court denied the second motion for enlargement and ordered Nash to comply

---

[1] The Court considers this matter a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

ORDER - 1

with the prior order granting an extension of time to properly serve Defendants by October 8, 2010. Dkt. 31. On October 6, 2010, Nash filed what he styled a "stipulated" motion for modifying the Court's scheduling order. Dkt. 32. On October 15, 2010, Defendants responded and renewed their motion for dismissal. Dkt. 33. Nash did not reply. On October 29, 2010, the Court denied Nash's motion to modify and granted the Defendants' motion to dismiss. Dkt. 34. The Court dismissed the matter without prejudice because Nash failed to perfect service and for failure to comply with a court order. Dkt. 34. *See* Fed. R. Civ. P. 4(m) (service); *see also* Fed. R. Civ. P. 41(b) (failure to comply with a court's order may result in dismissal). On February 8, 2011, Nash filed a motion to reopen his civil rights complaint. Dkt. 37. On February 10, 2011, Defendants responded. Dkt. 38.

## II. DISCUSSION

Nash moves to "reopen" his civil rights complaint pursuant to Federal Rule of Civil Procedure 60(b). Dkt. 37. Defendants "oppose [Nash's] motion to 're-open' the Complaint, yet acquiesce to the fact that [Nash] is not precluded from filing a complaint in a new action because the present Complaint was dismissed without prejudice." Dkt. 38 at 1.

Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances. Fed. R. Civ. P. 60(b). The Court in its discretion may grant a motion for relief from a final judgment, order, or proceeding, for the following reasons:

> "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

ORDER - 2

Nash appears to argue that his complaint should not have been dismissed pursuant to Federal Rule of Civil Procedure 4 (Dkt. 37 at 2) and that he complied with the Court's order. Dkt. 37 at 4. Specifically, he contends that he is entitled to relief because "(1) the court issued an order directing the U.S. Marshal's to process service; (2) plaintiff timely amended his complaint per court ordered [sic]; [and (3)] plaintiff provided service to defendant's counselor with his amended complaint." *Id.* The Defendants argue that even if these facts are construed to show "mistake inadvertence, surprise, or excusable neglect," they are insufficient for relief under Rule 60(b). Dkt. 38 at 3.

While courts may liberally construe a pro se plaintiff's complaint, they cannot supply the essential elements of a claim which the plaintiff does not plead. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (internal citations omitted). Pro se litigants must follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Here, Nash cannot claim ignorance or mistake regarding the requirements for service under Rule 4 because Nash had frequent communication with this Court regarding service and the time limitations. *See, e.g.,* Dkts. 11, 20, 23, 25 & 31.

Additionally, Nash's legal argument is nothing more than a recitation of rules based on uncited portions of the Federal Rules of Civil Procedure, New York statutes, or inapplicable New York district court cases. None of these rules indicate how the requested relief is warranted under Rule 60(b). Therefore, because this Court has already ruled on Nash's failure to perfect service and failure to comply with a court order (Dkt. 34) and because Nash failed to articulate any justification for reopening the matter under Rule 60(b), the Court finds that Nash's motion is meritless.

The Court notes that Nash also requests, in the alternative, that he be allowed to file a new civil action. Dkt. 37. The Court need not rule on this request because Nash was never precluded from doing so. Dkt. 34.

### III. ORDER

Therefore, it is hereby **ORDERED** that Nash's motion for relief from judgment (Dkt. 37) is **DENIED**.

DATED this 8th day of March, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4